```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

KELVIN FLEMING,                )
                               )
        Petitioner,            )
                               )
              v.               )    CRIMINAL NO. 96cr31
                               )    CIVIL NO. 06cv1312
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Kevin Fleming's motion to vacate sentence. For the following reasons, petitioner's motion will be dismissed.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a one-year statute of limitations applies to all motions to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. Specifically, § 2255 provides that the one-year limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims

>           presented could have been discovered through
>           the exercise of due diligence.

28 U.S.C. § 2255.  The effective date for the AEDPA was April 24, 1996, and established a one-year limitations period governing motions for collateral relief.  *Id.*  The law applied retroactively to prisoners whose convictions became final before the effective date, and allowed a one-year grace period for those prisoners to file motions.  *See Brown v. Angelone,* 150 F.3d 370, 374-75 (4th Cir. 1998).  Failure to file within this time frame, absent grounds for tolling the statute, rendered a § 2255 motion untimely.

In this case, the prisoner was sentenced in March 1996, prior to the effective date of the AEDPA, but filed a § 2255 motion in 2006, over ten years after his final conviction.  This period is well outside the grace period afforded by the AEDPA to convictions which occurred prior to its effective date.  Petitioner states no grounds for tolling the statute, but instead argues that both the AEDPA and the Fourth Circuit's determination of the reasonable limitations period are unconstitutional.  This argument lacks merit.  Accordingly, the petition is time barred and will be dismissed.

### III. Conclusion

For the foregoing reasons, Petitioner's motion will be dismissed.  An appropriate Order will issue.


June 5, 2007                            _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE